WILLIAM S. BRITTEN v. HOMER B. DUNNING.

*Contract—Passive prevention of performance.*

A contract between adjacent owners to build a box drain bound each to build one end, and required the lower proprietor to keep his end of the drain open. *Held,* that he was liable on this contract if his neglect to open an outlet on his land below the proposed drain, to carry off the water, made it impossible to begin work on the drain itself.

Error to Shiawassee. (Newton, J.)   Oct. 10.—Oct. 22.

ASSUMPSIT.   Defendant brings error.   Affirmed.

*A. R. McBride* for appellant.

*Hugh McCurdy* for appellee.

SHERWOOD, J.   The plaintiff and defendant owned adjoining lands in the township of Perry, in the county of Shiawassee, and the plaintiff brought suit against the defendant for obstructing a natural water-course, and thereby overflowing his lands and injuring his crops.   The suit was discontinued on the 16th day of December, 1881, and the parties entered into an agreement to construct a covered ditch or drain for the purpose of carrying off the accumulation of water from the plaintiff's land, the west half of which was to be constructed and maintained by the defendant, and the east half by the plaintiff.   One David D. Dunning, who was interested in having the drain constructed, also joined in the contract and agreed to build the east one-third of the defendant's half of the same.   (See contract in margin.[1])

---

[1]This agreement, made and entered into this sixteenth day of December, 1881, by and between Homer B. Dunning, of the township of Perry, county of Shiawassee and State of Michigan, of the first part, and William S. Britten, of the same place, of the second part, witnesseth as follows: Whereas, the said first party is the owner in fee of the southeast quarter of section twenty-seven and the second party owns the north half of southwest quarter of section twenty-six, both in township five north, of range two east; and whereas, a suit is now pending and undetermined between said parties for damages which said second party alleges he has sustained

An effort was made by the several parties to construct the drain, but the water accumulated so rapidly that, until an outlet was opened of sufficient depth beyond the west end of the proposed drain to carry off the water as fast as it came

---

by reason of the first party filling up an artificial water-course or ditch on his land, on said section twenty-seven, which said artificial water-course or ditch is described as follows: Commencing about sixteen (16) rods north of the southwest corner of the north half of the southwest quarter of section twenty-six aforesaid, thence running a southwestly course about thirty-five rods to a beaver dam. Now, therefore, it is mutually agreed, by and between said parties, their heirs, executors and administrators, to dig, erect and maintain a covered ditch from the highway between said sections twenty-six and twenty-seven, and about sixteen rods north of the southwest corner of the north half of the southwest quarter of said section twenty-six, and thence running in a southwesterly course to the beaver dam aforesaid. The box sewer is to be ten by twelve in the clear, of good white-oak plank, except the bottom one, which may be one inch thick. The east half of said drain to be built and maintained by said second party, his heirs, executors and assigns, and who is for the purpose authorized to enter upon said land to dig, build, repair and maintain said ditch at his own cost and expense, and the other half of said ditch the first party is to dig, build and maintain at his own cost and expense, so that said ditch shall be kept open. And said parties further agree that Ezra Mason, county surveyor, is to survey said ditch, drain or water-course, and establish such a grade as he shall deem proper and expedient to carry out the purposes aforesaid. The first party is to give said drain sufficient fall to carry the water away from said box drain, so that the water shall not dam the water in said box drain. In other words: The first party is to lower the old channel from the lower or west end of the box sewer sufficient to take the water from the said box sewer, and keep the same open so as not to flood or dam the water back in the box sewer. One-half the expense of Ezra Mason in surveying, establishing and locating said ditch is to be paid by said parties equally. Said ditch to be dug on or before the 15th day of January, 1882, but the box need not be put in and the ditch all covered on or before the 25th day of May, 1882.

And I, David D. Dunning, hereby agree, for value received, to build and maintain one-third on the east end of the west half of said box ditch, and also to pay Mr. Mason, for locating said ditch, said proportion of the expenses for locating the same, and do said work within the time above specified, and as above mentioned. The grade of the ditch from the sewer or box drain to be the same as that of the sewer, and the grade of the sewer to be the same as the natural grade of the improved land of first party through which the ditch passes.

In witness whereof we have hereunto set our hands and seals the day and date first above written.

HOMER B. DUNNING.      [Seal.]
            his
WILLIAM X S. BRITTEN.   [Seal.]
           mark.
DAVID D. DUNNING,       [Seal.]

In presence of
    HUGH MCCURDY.
    W. H. KILPATRICK.

down the stream, the drain could not be constructed. This outlet was on the defendant's land, and would have required but a trifling outlay to have deepened and enlarged it sufficiently to have enabled all the parties to have completed the drain, and prevented a recurrence of the mischief complained of, and the proofs show that it was a work necessary to be performed before the defendant could fulfill his part of the contract, and must be precedent to performance by the plaintiff of his part. Neither the plaintiff nor D. D. Dunning could enter upon the defendant's land and open the outlet for the drain without becoming trespassers.

The defendant claimed he had given no right to open the outlet below the drain, and under the contract it was no part of his duty to enlarge it. In this he was mistaken. He had agreed to construct the west half, and whatever was necessary to the fulfillment of his contract he was required to do. He failed and neglected to do this, and the plaintiff was therefore left to seek his redress upon the contract. This he has done, and now asks that he may recover his damages against the defendant for the injury stated in this suit. It was first tried in justice's court, and the plaintiff recovered $50. On appeal to the circuit court, where the cause was tried by jury, the plaintiff again recovered.

We have examined the record carefully, and the charge given by Judge Newton in the case, and have failed to discover any error. Under proper instructions from the court, and upon proper testimony, the jury found that the defendant obstructed the natural course of the water in the stream in such manner as to occasion the injury complained of, by failing to perform his contract. They have also found the amount of damages sustained by the plaintiff, and we cannot disturb their verdict.

The judgment must be affirmed with costs.

The other Justices concurred.